[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Peter E. Heller, is a former partner in the defendant North American Rock Company ("NARCO"), a limited partnership. The complaint has a number of counts including an accusation that the activities of the defendant James A. Devlin constitute unfair and/or deceptive acts or practices in the conduct of trade or commerce in violation of General Statutes 42a-110a et seq., the Connecticut Unfair Trade Practices Act ("CUTPA").
The defendant Devlin, who owned the majority interest in NARCO and terminated plaintiff's limited partnership interest in NARCO, moves to strike(#207) Count Nine on the ground that the allegations contained therein failed to state a claim under CUTPA.
A motion to strike, Practice Book 152, challenges the legal sufficiency of the allegations of a pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
General Statutes 42-110b(a) provides that no person "shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
General Statutes 42-110a(4) defines "trade" and "commerce" to mean "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." Id.
CUTPA is a remedial statute and must be construed broadly in an effort to effectuate its public policy goals. Web Press Services Corporation v. New London Motors, 203 Conn. 342, 354, 525 A.2d 57 (1987). In determining whether a practice violates CUTPA, a court should employ these criteria: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254, 550 A.2d 1061 (1988).
This dispute between Heller and Devlin can best be described CT Page 1733 as an internal strife of a partnership, and the improprieties alleged are not referable to the trade or commerce activities of the partnership, but rather to alleged acts of malfeasance by Devlin. The alleged acts and consequences do not satisfy the requirement for a CUTPA violation that the complained of unfair practice arises in the conduct of trade or commerce or causes substantial injury to consumers (competitors or other businessmen). Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. at 254.
Because the allegations of the plaintiff's complaint involve the internal business affairs and workings of the partnership, and the damages alleged are confined to the partners and the partnership, no violation of CUTPA has been properly pleaded. Consequently, the motion to strike the ninth count of the complaint for failure to state a cause of action is hereby granted.
SO ORDERED.
Dated at Stamford, Connecticut this fourth day of February, 1991.
LEWIS, J.